IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| RICHARD P. ELDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-5076-SSA-CV-SW-WAK |
| | ) | |
| JO ANNE B. BARNHART, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

     Claimant Richard P. Elder seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1383 *et seq*. He claims he became disabled beginning on January 10, 2003, due to complications from his diabetes, carpal tunnel syndrome and mental impairments. The parties' briefs were fully submitted, and on April 4, 2006, an oral argument was held.

     "Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

     In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).  The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination.  Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment."  McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment.  Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989).  The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant.  McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.  McMillian, 697 F.2d at 221.

Richard Elder was born in 1969.  He completed the 12th grade and one year of college.  His employment consisted of a series of short-term jobs, including general labor in construction and restaurant work.  He was diagnosed with diabetes as a child, and has had numerous trips to the emergency room because of symptoms associated with his blood sugar.  He has a history of alcohol and drug abuse beginning at age 10, and legal problems since age 13.  He was incarcerated for a period of time.  In 2003 he underwent surgery for carpal tunnel syndrome in

his left arm, and he feels the surgery was not entirely successful.  He takes medication for depression.

The administrative law judge (ALJ) found Elder had a severe combination of impairments, which were summarized as insulin dependent, juvenile diabetes mellitus, with peripheral neuropathy and retinopathy; Grave's disease (nonsevere); history of carpal tunnel syndrome, status post repair, with residuals lasting less than 12 months; and depression, treated only with Xanax, lasting less than 12 months.  Notwithstanding those impairments, the ALJ found claimant was capable of performing certain work at a light or sedentary level, such as an usher, counter clerk, and information clerk.

Claimant asserts the ALJ failed to explore his emotional and/or mental impairments, to take into account the difficulty in controlling his diabetes, and to properly consider his anti-social personality disorder and problems retaining employment.

"Where adequately explained and supported, credibility findings are for the ALJ to make."  Lowe v. Apfel, 226 F.3d 969, 972, (8th Cir. 2000).  Subjective complaints of physical and/or mental health problems may be discounted when they are inconsistent with medical reports, daily activities or other such evidence.  Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003).  Nevertheless, the ALJ's decision to discredit such complaints must be supported by substantial evidence based upon the record as a whole.  Dixon v. Barnhart, 353 F.3d at 605.

After giving a fairly detailed summary of the medical evidence and testimony, the ALJ found Elder's testimony not to be fully credible.  She stated specific reasons for her findings, which are supported by substantial evidence on the record as a whole.  See Pelkey v. Barnhart, 433 F.3d 575, 578 (8th Cir. 2006) (deference is given to credibility findings if they are supported by good reasons and substantial evidence).  The records indicate that many of claimant's trips to the emergency room were the result of his insulin and dietary noncompliance, and severe insulin reactions three or four times a week were not documented.  Elder was not undergoing treatment for his emotional health, other than taking an antidepressant.  He was represented by counsel at the hearing and did not submit medical records documenting severe mental health issues which would preclude work or which would warrant further development of the record by the ALJ.

This court must sustain the agency's decision if it is supported by substantial evidence on the record as a whole.  42 U.S.C. § 405(g); Piercy v. Bowen, 835 F.2d 190 (8th Cir. 1987).

3

"Where there are inconsistencies in the evidence as a whole, the [Commissioner] may discount subjective complaints."  Stephens v. Shalala, 46 F.3d 37, 39 (8th Cir. 1995).

After careful consideration of the record, the court finds substantial evidence to support the ALJ's decision to discount plaintiff's testimony.  While there is evidence that claimant has several impairments which may be worsening, the records suggest that claimant's lifestyle choices have contributed to his symptoms and conditions.  An inference could reasonably be made from the records that some of his symptoms could be eliminated or at least better controlled with consistent compliance by claimant with his diet and medication.

Here, the agency's decision is supported by substantial evidence on the record as a whole.  Accordingly, for these reasons and those set forth more fully in the Commissioner's brief, it is

ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.

Dated this 14th day of April, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge